UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                      Case No. 2:14-cr-14
v.                                    HON. ROBERT HOLMES BELL

RANDALL RAYMOND FIECK, JR.,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

Defendant Randall Raymond Fieck, Jr., is charged with manufacturing marijuana, in violation of 21 U.S.C. § 841(a)(1). Defendant moves to suppress the evidence found during the execution of a state search warrant on his residence. During the execution of the warrant, over 200 marijuana plants and marijuana starter plants were found inside Defendant's residence in an indoor growing operation. Defendant argues that the evidence should be suppressed because it was based upon a defective search warrant and the state magistrate lacked probable cause to issue the warrant. A hearing was held on August 5, 2014.

On January 29, 2014, Woodland Elementary School Principal Darren Petschar contacted Kingsford Public Safety Department Sergeant Joseph Menghini. Sergeant Menghini learned that a kindergarten student had come to school with a strong odor of marijuana on her clothing. She told her teacher that her father was growing plants in the basement of their home and she was not supposed to tell anyone. That afternoon, Sergeant Menghini, accompanied by another uniformed patrol officer, went to Defendant's residence. Sergeant Menghini immediately noticed

a strong marijuana odor when Defendant opened the door of the residence.  Defendant stated that

he possessed a marijuana card, but in response to questioning refused to disclose the number of

plants that were inside the residence.  Defendant showed Sergeant Menghini his marijuana card and

Sergeant Menghini determined that the card was valid, but did not run a LEIN check on the card or

Defendant.  Defendant refused Sergeant Menghini's request to enter the residence to inspect the

premises and the plants.  Sergeant Menghini informed Defendant that he was going to obtain a

search warrant for the residence.  Sergeant Menghini went to his patrol vehicle and spoke to the

prosecutor, who informed him that he had probable cause to obtain a search warrant and to secure

Defendant while a warrant was obtained.  Sergeant Menghini left the residence to obtain the warrant

and Defendant was not allowed to enter the residence while the warrant was being sought.

The search warrant affidavit states:

1.  Your affiant is a Sergeant with the Kingsford Public Safety
Department having over 22 years of law enforcement experience.
Your affiant is also a coordinator for KIND (Kingsford, Iron
Mountain, Norway, Dickinson County) substance enforcement team.

2. Your affiant's training and experience has caused him to learn that
the property and things described above to be searched for are the
common wares of an illegal drug dealer and when part or all are
found with the circumstances described in this affidavit can be
evidence of Violations of the Public Health Code.  Further, your
affiant has learned that both business owners and drug dealers alike
commonly utilize computers to maintain records of their business
and/or illegal drug transactions.

3.  Your affiant contacted the Principal at Woodland Elementary
School, Darren Petschar, on today's date concerning a Kindergarten
student by the name of . . . .

4.  Your affiant was advised by Principal Petschar that on Friday,
January 24, 2014, . . . came to school with a strong odor of marihuana
on her clothing.

- 2 -

5.   Your affiant was advised by Principal Petschar that . . . told her Kindergarten teacher on Friday, January 24, 2014 that her father was growing marihuana plants in the basement of their residence and that she isn't supposed to tell anyone.

6.   Your affiant responded to the above described residence, . . . Cleveland Avenue, at approximately 2:15 p.m. on today's date where he made contact with Randall Raymond Fieck (DOB . . .).

7.   That immediately upon establishing contact with Randall Raymond Fieck at the front door of the residence, your affiant detected a strong odor of marihuana coming from within the residence.

8.   That upon establishing contact with Randall Raymond Fieck, he stepped outside of the residence and would not allow officers to come inside of the residence to speak to him.

9.   Your affiant was advised by Randall Raymond Fieck that he possesses a Medical Marihuana Card but Fieck refused to comment on the quantity or number of plants inside of the residence and refused to allow officers to make entry to inspect the grow operation.

10.   Based on the above information and knowledge developed over the course of his investigation, your affiant feels that probable cause exists that evidence of illegal drug activity is contained within the aforementioned residence and outbuildings.  Your affiant therefore respectfully requests that this search warrant be issued as outlined on page one of this document.

The requested warrant was issued based on this affidavit.   A judicial officer determines probable cause based upon the totality of the circumstances.  *United States v. Hill*, 142 F.3d 305 (6th Cir. 1998), citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983).  "Probable cause requires only a probability or substantial chance of criminal activity."  *Id.*  The Sixth Circuit in *United States v. Woosley*, 361 F.3d 924, 926-27 (6th Cir. 2004), set forth the standard used in evaluating whether probable cause existed to support the authorization of a search warrant:

This court reviews the sufficiency of an affidavit to determine "whether the magistrate had a substantial basis for finding that the affidavit established probable cause to believe that the evidence

would be found at the place cited." *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991) (quotation omitted). The affidavit should be reviewed in a commonsense - rather than a hypertechnical - manner, and the court should consider whether the totality of the circumstances supports a finding of probable cause, rather than engaging in line-by-line scrutiny. *United States v. Greene*, 250 F.3d 471, 479 (6th Cir. 2001). The magistrate's determination of probable cause is afforded great deference, and that determination should be reversed only if the magistrate arbitrarily exercised his discretion. *Id.*

In *United States v. Allen*, 211 F.3d 970 (2000) (*en banc*), which is relied on by both Woosley and the Government, we held that where a known person, named to the magistrate, to whose reliability an officer attests with some detail, states that he has seen a particular crime and particular evidence, in the recent past, a neutral and detached magistrate may believe that evidence of a crime will be found. *Id.* at 976 (emphasis omitted). In concluding that independent police corroboration of the information provided was unnecessary in such cases, we emphasized that probable cause determinations must be based on the totality of the circumstances and cautioned against a continuing reliance on formalistic "tests" that required the satisfaction of particular elements to support a finding of probable cause. *Id.* at 975-76. Consequently, an affidavit including a tip from an informant that has been proven to be reliable may support a finding of probable cause in the absence of any corroboration. *See Id.* at 976; *United States v. Smith*, 182 F.3d 473, 478-79 (6th Cir. 1999). Alternatively, an affidavit that supplies little information concerning an informant's reliability may support a finding of probable cause, under the totality of the circumstances, if it includes sufficient corroborating information. *See Illinois v. Gates*, 462 U.S. 213, 241-45, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *United States v. Tuttle*, 200 F.3d 892, 894 (6th Cir. 2000) ("[I]nformation received from an informant whose reliability is not established may be sufficient to create probable cause when there is some independent corroboration by the police of the informant's information.").

A probable cause review of an affidavit supporting a search warrant is limited to the information presented in the four corners of the affidavit. *United States v. Coffee*, 434 F.3d 887, 892 (6th Cir. 2006).

Defendant argues that the Michigan Medical Marijuana Act (MMMA), Mich. Comp. L. § 333.26421, *et seq*., legalized medical marijuana usage and medical marijuana manufacturing

- 4 -

under some circumstances in the State of Michigan and changed what is necessary before a search warrant could issue. Defendant argues that it is no longer enough to simply use hearsay statements that someone has marijuana growing in their home or that an officer detected the odor of marijuana to support probable cause for a search of the residence. The government argues that the MMMA is not binding in federal court and that the legality of a search warrant is based solely on the Constitution and laws of the United States and not state law. It is illegal under both Michigan law, Mich. Comp. Laws § 335.301 *et seq*., and federal law, 21 U.S.C. § 841 *et seq*., to manufacture marijuana. There exists no exception under federal law for the prosecution of manufacturing marijuana. Under Michigan law, the MMMA sets forth a defense from state prosecution for licensed medical usages of marijuana.

*United States v. Ellis*, 910 F. Supp. 2d 1008 (W.D. Mich. 2012), presented somewhat similar factual claims. In that case, the police obtained a warrant to search defendant's home and found 189 marijuana plants growing in the basement. Defendant admitted that he had a growing operation in his home. The search warrant was issued based upon a statement from a witness that the defendant was growing marijuana in excess of the amount that was allowed under the MMMA, a LEIN failed to show that defendant was growing marijuana for medicinal purposes, and defendant allegedly told the officers that once his home was searched he would be going to jail.

In *Ellis*, the defendant had a handgun when he opened his door, but put it away when the officers identified themselves. Defendant indicated that he participated in the medical marijuana program, but denied selling marijuana illegally. Defendant stated that he would not let the officers into his home without a warrant. The officers informed defendant that they would immediately obtain a warrant and that defendant would be detained while one officer went to get the warrant. Defendant was handcuffed and denied making any incriminating statements. The officers detained

- 5 -

defendant because they were afraid that he would destroy the evidence while they were attempting to obtain the warrant. Defendant was detained inside his home, so that the officers could determine if anyone else was present in the home. Defendant's seventeen-year-old daughter was in the home and the officers permitted her to leave. A sweep of the home found no other individuals, but the officers did observe the marijuana in the basement of the home. There was no attempt to use this information to obtain the search warrant. At one point, the wife of the informant attempted to enter the house to tell defendant that her husband had spoken to police earlier in the day. She was escorted off the premises. The search warrant was obtained and the officers searched the home. Defendant was told that he would not be arrested that night, but the officers wanted to speak with him. Defendant sat in the patrol vehicle without handcuffs, was told he was free to leave, and Miranda rights were read. A waiver was signed and defendant made a confession.

As in this case, the defendant in *Ellis* claimed that the affidavit for the search warrant was based upon misleading statements and that it failed to disclose defendant's MMMA license as a care giver. The court found that defendant failed to support his claim that the warrant was based upon inaccurate information and further stated:

> The Court rejects this claim for several reasons. First, regardless of whether Ellis has, or does not have, a license under the MMMA, it is still a crime under both Michigan and federal law to manufacture marijuana. *See King*, 804 N.W. 911, 914-15 (Mich.Ct.App.2011) (*quoting People v. Redden*, 290 Mich.App. 65, 799 N.W.2d 184. 199-200 (2010) (O'Connell, J., concurring)). As an affirmative defense, the MMMA merely has the potential to excuse a defendant's criminal act; it does not negate any element of the crime. *Casias*, 764 F. Supp. 2d at 922. Thus, when a magistrate judge is asked to determine whether there is probable cause to believe that a suspect's home harbors evidence of the crime of manufacturing marijuana, MMMA licensure is really beside the point.

*Id*. at 1017.   The court found that the disclosure of the suspect's MMMA license is not necessary to an issuing magistrate's probable cause finding and cannot justify invalidating a warrant.   Further, the court found that the information provided to the magistrate in the affidavit was not misleading or inaccurate.

The general rule is that information regarding compliance with the MMMA need not be included in the affidavit for the search warrant.  *United States v. Duval*, 742 F.3d 246, 253-253 (6th Cir. 2014).  At most, a narrow exception might exist, based upon a footnote containing dicta in the Michigan Court of Appeals' decision *People v. Brown*, 297 Mich. App. 670, 825 N.W.2d 91, 95 n. 5 (2012), that noted where the police have "*clear and uncontroverted evidence* that a person *is in full compliance with the MMMA*" this information should be included in a search warrant affidavit.

Sergeant Menghini did not possess clear and uncontroverted evidence that Defendant Fieck was in full compliance with the MMMA.  In fact, the evidence suggested otherwise and there was probable cause to support the search warrant.  The issue is whether the affidavit supports a finding of probable cause and whether any of the information used to support the affidavit was knowingly and intentionally included with a reckless disregard for the truth.  *Franks v. Delaware*, 438. U.S. 154 (1978).  This question also extends to information which is deliberately or recklessly omitted from the affidavit that is critical to a probable cause determination.  *United States v. Carpenter*, 360 F.3d 591, 596 (6th Cir. 2004).

A police officer's detection of the odor of marijuana is sufficient to support probable cause for a search of a residence.  The Sixth Circuit explained:

> The statement that a strong smell of marijuana was detected in the Elkinses' home was supported by three officer's testimony. . . .  That conclusion, coupled with the uncontested statement that the officers were experienced in recognizing the smell, goes a considerable way toward establishing the warrant's validity.  This court has held that an

- 7 -

> officer's detection of the smell of marijuana in an automobile can by itself establish probable cause for a search. *United States v. Garza*, 10 F.3d 1241, 1246 (6th Cir. 1993). The same may be true when marijuana is smelled within a home. *See United States v. Tobin*, 923 F.2d 1506, 1512 & n. 4 (11th Cir. 1991); 2 LaFave, Search and Seizure § 3.6(b) , at pp. 290-92; see also *United States v. Gonzolex*, No. 94-6503, 1995 WL 626286, at *3 (6th Cir. Oct. 24, 1995) (unpublished opinion) (per curium) (holding that smell of marijuana alone created probable cause for roadside search of a motor home). Our probable cause inquiry is somewhat easier; as noted above, the smell of marijuana here does not stand alone in the warrant affidavit, but is accompanied by an anonymous tip that the Elkinses were growing marijuana in their home, a tip that the smell of marijuana strongly corroborated. A sufficiently corroborated tip of drug activity can support a warrant to search a home.

*United States v. Elkins*, 300 F3d 638, 659 (6th Cir. 2002).

At the hearing, Sergeant Menghini testified that he never received training in the detection of the odor of marijuana. Indicating that it has a unique smell, Sergeant Menghini stated his experience as a police officer allowed him to detect the smell of marijuana. Sergeant Menghini stated that he never had the opportunity to speak with Defendant's daughter or to detect the odor of marijuana on her person. Sergeant Menghini did not have knowledge of whether Defendant's daughter's teacher or principal had training in the detection of marijuana odors. Further, Sergeant Menghini admitted that he was never told that Defendant's daughter stated that her dad was growing marijuana plants, rather that she had indicated that her dad was growing plants and that she was not supposed to tell anyone that he was growing plants in their home. Thus, the affidavit incorrectly indicated that Defendant's daughter had told school officials that her father was growing marijuana in the house. This inaccurate statement in the affidavit does not require suppression of the evidence. Deleting the word "marijuana" from the affidavit's reference to the daughter's statement would not establish a lack of probable cause. *See United States v. Campbell*, 878 F.2d 170, 171 (6th Cir. 1989); *see also Sykes v. Anderson*, 625 F.3d 294 at 305 (6th Cir. 2010) (Judge Moore discussing the impact

- 8 -

of false statements in an arrest warrant). I conclude that the statement in the affidavit was not intentionally misleading. In context, it was reasonable for the officer to assume that the plants were marijuana. The error in the affidavit was harmless.

In the opinion of the undersigned, there was probable cause to support the issuance of the search warrant. Sergeant Menghini did not simply rely on the statements of the principal or the statements that Defendant's daughter made to the principal and teacher. Sergeant Menghini went to Defendant's home and spoke with Defendant. When Sergeant Menghini arrived at the home, he immediately detected the odor of marijuana when the door was opened. Defendant closed the door behind him and spoke with the officers on the front deck of the home. Defendant admitted growing marijuana and even showed his Michigan medical marijuana card to Sergeant Menghini. Defendant would not allow Sergeant Menghini to inspect the plants and would not indicate how many plants were growing inside his home. In fact, Defendant made no attempt to explain that his growing operation was in compliance with the MMMA. Although the MMMA is a defense to a state law prosecution, it is still illegal under both federal and Michigan law to manufacture marijuana. Sergeant Menghini had sufficient probable cause to suspect that Defendant was manufacturing marijuana and absolutely no basis to believe that Defendant was in compliance with the MMMA. Moreover, the MMMA is not a defense to the prosecution of a federal crime.[1] The affidavit for the search warrant supported the issuance of the warrant, and was neither materially false nor misleading.

---

[1]Defendant asked the court to stay a decision on this motion until the court decides whether federal prosecution of marijuana crimes violates the Constitution as asserted in *United States v. Taylor*, 1:14-cr-67. In the opinion of the undersigned, there exists no basis to stay the decision on the motion at this time. If the *Taylor* decision is favorable to defendant's case, defendant has the opportunity to ask this court to revisit this issue.

In the opinion of the undersigned, based upon the four corners of the search warrant application, there was sufficient information provided for a finding of probable cause to issue the search warrant.   It is therefore recommended that Defendant's Motion to Quash Search Warrant, to Suppress Alleged Evidence and for Dismissal (Docket #13) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).


 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  August 19, 2014