UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                Case No. 2:14-CR-14

v.

                                HON. ROBERT HOLMES BELL

RANDALL RAYMOND FIECK, JR.,

       Defendant.
_____/

## **O P I N I O N**

Defendant is charged with manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1). On August 5, 2014, the Magistrate Judge held a hearing on Defendant's motion to quash search warrant, to suppress alleged evidence, and for dismissal. (ECF No. 13.) The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that Defendant's motion to quash search warrant, to suppress evidence, and for dismissal be denied. (ECF No. 28.) This matter is before the Court on Defendant's objections to the R&R. (ECF No. 34.) For the reasons that follow, the Court will adopt the R&R and deny Defendant's motion to suppress.

This Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). "[A] general objection to a magistrate's report, which fails to specify the issues of

contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Defendant has not objected to any of the factual findings in the R&R, nor has he objected to any specific legal findings in the R&R other than its ultimate conclusion that the search warrant was supported by probable cause. Defendant has made only the most general argument that, based on the officer's sworn testimony at the evidentiary hearing, "it is clear the search warrant should never have been issued." (Obj. 2.) Defendant requests the Court to reject the R&R based on his "motion to suppress and accompanying brief, as well as the transcript of the evidentiary hearing." (Obj. 1.) Defendant's general objection to the R&R's recommendation is tantamount to a complete failure to object, and is not sufficient to warrant de novo review of his motion to suppress. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."). Notwithstanding Defendant's failure to object, the Court has, in its discretion, reviewed Defendant's motion to suppress de novo. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985) (noting that the district judge retains authority to review an R&R whether or not objections are properly filed); *United States v. Robinson*, 352 F. App'x 27, 28-29 (6th Cir. 2009).

Defendant asserts that the Michigan Medical Marihuana Act ("MMMA"), Mich. Comp. Laws § 333.26421, *et seq.*, "transformed the legal status of manufacturing marijuana

2

plants from criminal to non-criminal, when the marijuana is being grown by registered medical marijuana patients and/or caregivers," and that it has accordingly altered the nature of the evidence necessary to support issuance of a search warrant. (Br. re Mot. to Supp. 5-6, ECF No. 14.) In the context of this case, he contends that because the officer was aware that Defendant had a Medical Marijuana card granting him the right to grow and consume medical marijuana, allegations that his kindergarten-age child and his home smelled like marijuana were insufficient to create probable cause to search his residence.

Contrary to Defendant's assertions, "the MMMA does not abrogate state criminal prohibitions related to marijuana." *People v. Brown*, 825 N.W.2d 91, 94 (Mich. Ct. App. 2012). "[T]he possession, manufacture, use, creation, and delivery of marijuana remain illegal in Michigan even after the enactment of the MMMA." *Id.* at 93. *See also* Mich. Comp. Laws § 335. 301 *et seq*; *United States v. Ellis*, 910 F. Supp. 2d 1008, 1017 (W.D. Mich. 2012) (Jonker, J.). Because possession and manufacture of marijuana remains illegal under Michigan law, "to establish probable cause, a search-warrant affidavit need not provide facts from which a magistrate could conclude that a suspect's marijuana-related activities are specifically not legal under the MMMA." *Brown*, 825 N.W.2d at 95. "As an affirmative defense, the MMMA merely has the potential to excuse a defendant's criminal act; it does not negate any element of the crime." *Ellis*, 910 F. Supp. at 1017. "Thus, when a magistrate judge is asked to determine whether there is probable cause to believe that a suspect's home harbors evidence of the crime of manufacturing marijuana, MMMA

licensure is really beside the point." *Id*. Based upon the language of the MMMA and the cases cited above, the Court agrees with the Magistrate Judge's determination that the MMMA has not altered the nature of the evidence required to support issuance of a search warrant.

The *Brown* court did suggest in a footnote that if the police have "clear and uncontroverted evidence that a person is in full compliance with the MMMA, this evidence must be included as part of the affidavit because such a situation would not justify the issuance of a warrant." *Brown*, 825 N.W.2d at 95, n.5. To the extent Defendant relies on this dicta, his reliance is misplaced because, at the time the search warrant was issued in this case, there was no evidence, much less clear and uncontroverted evidence, that Defendant was in full compliance with the MMMA.

Defendant has noted in his objections that the officer "admitted he had no articulable facts to show he had any probable cause to suggest that there was criminal activity or evidence of a crime in the Defendant's home." (Obj. 2.) To the extent Defendant relies on this "admission" as a basis for quashing the search warrant, Defendant's argument is not persuasive. As the Magistrate Judge noted at the evidentiary hearing, probable cause is a legal question, and the court, not the officer, decides the law. (Tr. 33.) As outlined in the R&R, the officer's testimony revealed that there was sufficient evidence to support a probable cause finding.

Finally, at the evidentiary hearing Defendant requested that a ruling on his motion to

4

suppress be stayed pending a ruling on the constitutionality of listing marijuana as a Schedule I controlled substance in *United States v. Taylor*, 1:14-CR-67 (W.D. Mich.) (Jonker, J.). That decision has now been entered, so Defendant's request for a stay is moot. To the extent Defendant is moving to dismiss the indictment because the listing of marijuana as a schedule I controlled substance is unconstitutional, the Court denies the motion for the reasons outlined in Judge Jonker's comprehensive opinion in *Taylor,* 1:14-CR-67 (W.D. Mich. Sept. 8, 2014) (ECF No. 502).

On de novo review of the briefing on Defendant's motion to suppress and the transcript of the evidentiary hearing, the Court is satisfied that the Magistrate Judge fairly summarized the relevant testimony, accurately determined the governing law, and properly applied the law to the facts. The Court will accordingly adopt the R&R. The Court finds, for the reasons stated in the R&R, that there was probable cause to support the issuance of the warrant and that Defendant's motion to quash search warrant, to suppress alleged evidence, and for dismissal should be denied.

An order consistent with this opinion will be entered.

Dated: September 19, 2014        /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 UNITED STATES DISTRICT JUDGE